The State Of Texas

In The Court Of Criminal Appeal Of Texas

At Austin, Texas

This document contains some pages that are of poor quality at the time of imaging.

The State Of Texas ⟩ In Criminal District

⟩ Court No. 4 Of

VS. ⟩ Dallas County, Texas

Ex parte Reginald A. Noble, ⟩ Trial Cause No. F00-50025

Applicant. ⟩

RECEIVED IN
COURT OF CRIMINAL APPEALS
MAR 30 2015
Abel Acosta, Clerk

Motion For Leave To File,
Original Application For Writ Of Habeus Corpus,
Tex.R.App.Proc. 72, Tex.Code Crim.Proc. Art.11.05

To The Court Of Criminal Appeals Of Texas: Rule 72

Now Comes, Applicant Reginald A. Noble, argue and offer into evidence an objection against Criminal District Court No. 4 of Dallas County, TX, denying Applicant's habeas corpus Art.11.07, for relief, and submits this, Motion For Leave To File, under Tex.R.App.Proc. 72 and Tex.Code Crim.Proc. Art.11.05, and respectfully moves this Honorable Court to grant, leave to file, the Original Application For Writ Of Habeas Corpus under Tex.Code Crim.Proc. Ann.Art.11.01, Art.11.02, Art.11.03, Art.11.04, Art.11.05, to be tendered contemporaneously with this Motion, this Motion is an objection against the Texas Board Of Pardons And Paroles, and Texas Department of Criminal Justice-Correctional Institutions Division, for having Applicant Noble illegally restrained and confined, this Motion and Application alleges, plain errors, from the records under Rule 52.1, and in support of same, will respectfully show this Honorable Court the following:

1 of 3

## Issues Presented

Ground One: The Applicant Is Actually Innocent Of A Void Judgment To Enhance Punishment And His Incarceration Violates Due Process And The Eighth Amendment

Ground Two: The Applicant Received Ineffective Assistance Of Counsel Violating The Sixth Amendment And Texas Constitutional Rights

## Statement Of Fact

The 291st Judicial Grand Jury of Dallas County, TX., did duly organized the "True Bill Of Indictment" of, Agg. Sexual A-VCH/14 under Tex. Penal Code § 22.021, see Affidavit Exhibit-B and the State's attorney introducing two enhancement paragraphs, one of Unauthorized Use Of A Motor Vehicle under Tex. Penal Code § 31.07, see Affidavit Exhibit-C and the second prior conviction of Burglary Of A Building under Tex. Penal Code § 30.02, See Affidavit Exhibit-D is a void judgment to enhance punishment under Tex. Penal Code § 12.42, see Affidavit Exhibit-A the statute language dictates that prior convictions explicitly refer to the enhancement for "substantially similar" sex offences in Texas. The trial counsel Mr. Bradley K. Lollar's trial strategy of incompetence invoked an actual conflict of interest, that was undisputed deficient, by failure to familiarize himself with the sex crime enhancement statute, the trial counsel's failure to object to the States attorney introducing at trial two prior void enhancements, at pre-trial hearing the counsel failed to object under Tex. Code Crim. Proc. Art. 28.01(4) and failed to file motion to set aside an indictment or information under Art. 28.061, this trial counsels failure to investigate the void prior enhancement paragraphs, constituted ineffective assistance of counsel, see Black v. State, 816 S.W.2d 350 (Tex. Cr. App. 1991), but prejudice is presumed if such a actual conflict of interest is shown even without an objection, see Ex parte Parham, 611 S.

W.2d 103 (Tex. Cr. App. 1989). In Moore v. Johnson, 194 F.3d 586, 604 (5th Cir. 1999) The Court is, therefore, no required to condone unreasonable decisions parading under the umbrella of strategy, or fabricate tactical decisions on behalf of counsel when it appear on the face of the record Rule 52.1 that counsel made no strategy decision at all, see Cronic, 104 S.Ct. 2039 (1984). The question becomes did the applicant receive a fair trial resulting in a verdict worthy of confidence, see Kyles v. Whitley, 115 S.Ct. 1555 (1995)

### Prayer

Applicant prays that this Honorable Court grant leave in this Motion for Leave To File under Rule 72 to proceed in the Original Application, of complaint of being illegaly restrained and confined by the above officials, in the name of justice and for relief. Amen.

### Unsworn Declaration

I, Reginald H. Noble #1019577, being presently incarcerated in the William P. Clements Unit of the Texas Department of Criminal Justice, in Potter County, TX. according to my belief, declare under penalty of perjury, the facts stated in this Motion are true and correct under V.T.C.A. Civ. Prac. & Rem. Code § 132.001.

3-23-15
Date

Reginald H. Noble #1019577
Reginald H. Noble #1019577

### Certificate Of Service

I, Reginald H. Noble #1019577, do hereby certify that a true and correct copy of the above Motion has been forwarded by The United States mail system, postage pre-paid, to the Court Of Criminal Appeals of Texas, Texas Board Of Pardons And Paroles, Texas Department Of Criminal Justice

3-23-15
Date

Reginald H. Noble #1019577
Reginald H. Noble #1019577

3 of 3

Ex parte Reginald A. Noble,
Applicant,

Vs.

Texas Board Of Pardons And Paroles,

Vs.

Texas Department Of Criminal Justice-
Correctional Institutions Division
Respondents.

In Criminal District
Court No. 4 Of
Dallas County, Texas
Trial Cause No. F00-50025

Original Application For Writ Of Habeas Corpus
Tex. R. App. Proc. 72, Tex. Code Crim. Proc. Art. 11.05

To The Court Of Criminal Appeals Of Texas; Rule 12
Comes Now, Applicant Reginald A. Noble, argue and offer into evidence, an objection, against Criminal District Court No. 4 of Dallas County, TX, denying Applicant's habeas corpus Art. 11.07 for relief, and submits this, Original Application For Writ Of Habeas Corpus under Tex. R. App. Proc. 72 and Tex. Code Crim. Proc. Ann. Art. 11.05. The Court Of Criminal Appeals have original jurisdiction under Tex. R. App. Proc. Rule 72.1, Rule 72.2, Rule 74, Rule 75.1, Rule 78.1, Tex. Code Crim. Proc. Ann. Art. 4.04, see Tex. Gov't Code § 22.002(c) and §22.221(a)(b) for submission for En Banc under Tex. R. App. Proc. 41.1(c) and Rule 76(c) for want of jurisdiction under Tex. Gov't Code § 22.001(a)1,2 and §22.225(b)3(c)(d) on request for a injunctive relief to remand, see Tex. R. App. Proc. 44.2(a) to grant Motion For Leave For New Trial under Art. 40.001, see Motion To Recuse in Tex. R. Civ. P. 18a(a)(b), Tex. R. Civ. P. 13,

Tex. Civ. Prac. & Rem. Code X Chapter 132, X 14.001-14.0014 and X 15.001 and Benefits.

The Applicant Noble object against the Texas Board Of Pardons And Paroles and the Texas Department Of Criminal Justice - Correctional Institutions Division, for having, Applicant illegally confined and illegally restrained in his liberty. At the threshold, the Court Of Criminal Appeals must decide whether the Due Process Clause of The United States Constitution forbids the incarceration of an innocent person. It is clear from a void judgment to enhance punishment complaint, that the incarceration of an innocent person is as much a violation of the Due Process Clause as is the execution of such a person. It follows, that claims of actual innocence are cognizable by this Court in an original habeas corpus proceeding whether punishment assessed is death, or confinement. In either case, such claims raise of federal constitutional magnitude, see Ex parte Bravo, 702 S.W.2d 189 (Tex. Crim. App. 1982)

## Issues Presented

Ground One: The Applicant Is Actually Innocent Of A Void Judgment To Enhance Punishment And His Incarceration Violates Due Process And The Eighth Amendment

Ground Two: The Applicant Received Ineffective Assistance Of Counsel Violating The Sixth Amendment And Texas Constitutional Rights


## Statement Of Fact

Affidavit, Exhibit-A, Texas Penal Code § 12.42 Penalties For Repeat Habitual Felony Offenders For Enhancement purposes only Sec. 12.42 (1)(2)(B)(ii)
(c)(2) the defendant has been previous convicted of two felony offenses.
(B) at least one of which is an sex offense;
(ii) under Section 22.021, Penal Code;

Facts Supporting Ground One: The 291st Judicial Grand Jury of Dallas County, Tx., did duly organized the "True Bill Of Indictment" of Agg. Sexual A-V of 14 under Tex. Penal Code § 22.021 under Trial Cause No. F00-50025, see Affidavit Exhibit-B and introducing two enhancement paragraphs, one of Unauthorized Use Of A Motor Vehicle under Tex. Penal Code § 31.07 under Trial Cause No. F91-7241-UR, see Affidavit Exhibit-C, and the second prior conviction of Burglary Of Building under Tex. Penal Code § 30.02 in Trial Cause No. F87-77432-KH, see Affidavit Exhibit-D is a void judgment to enhance punishment under Tex. Penal Code § 12.42, see Affidavit Exhibit-A and also under Texas Department Of Health And Safety Code, Sec. 841.002(8)(D)(F)(F), see Griffin v. State, 81 S.W. 3d 510 (Tex Crim App. 2002)

Constitutionality of Legislation .. Sex Crimes - Literal language of Tex. Penal Code Ann. § 12.42(d)(2) is clear and straight forward: conviction of one of four violent sexual offenses, carries a mandatory punishment of confinement of life if a defendant has previously been convicted of one eight enumerated offenses, the statute also make clear the Texas Legislatures intent to treat sex offenses more harshly than other repeat or habitual offenders; the plain language of statute dictates that prior conviction explicitly refer to the enhancement for "substantially similar" offenses in Texas" were the court to apply the plain language of the statute, see Griffith v. State, 116 S.W. 782 (Tex Crim App. 2003)

... Double Jeopardy under Tex. Penal Code Ann. § 12.46 Use Of Prior Conviction - the prior convictions for enhancement purposes is a "Void Judgment to enhance punishment," that violates Applicant Monk's due process rights against double jeopardy, as guaranteed by the U.S. Const. Amend. V, because enhanced punishment places the defendant in jeopardy of being twice sentence to additional punishment for the previous used for enhancement purposes, see Banks v. State, 70 S.W. 3d 294 (Tex.

App.- Forth Worth 2002), see Tex. Const. Art. 1, §14 and Tex. Code Crim. Proc. Art. 1, 10 - No person for the same offense shall be twice put in jeopardy of life or liberty."

No statute of limitation - "A void judgment" is one that facially reflects the want of jurisdiction of the Court over the subject matter, be cause of defects, this renders the "judgment void" to any potency, causing it too be and to forever remains "limp as a wet rag." It is a nullity from the beginning, because it does no affect impair or create, legal rights. All proceeding founded upon such a judgment are equally worthless, because the judgment can never bind nor bar anyone. A void judgment closely resembles a dead limb on a tree, it can be chopped off at any time. If void, it is not even necessary to take any steps to have it reversed, vacated or set aside. Therefore, in reality, A void judgment is really no judgment and leaves the parties litigent in the same position they where in before trial. In summary a void judgment is coram, no judice or brutum fulment. Ex parte Spaulding, 687 S.W.2d 741 (Tex. Cr. App. 1985)

Facts Supporting Ground Two: The 291st Judicial Grand Jury of Dallas County, TX did duly organized the "True Bill Of Indictment" of Agg. Sexual A-V CH/14 under Tex. Penal Code § 22.021, see Affidavit Exhibit-B, and the State's attorney introducing two enhancement paragraphs, one of Unauthorized Use Of A Motor Vehicle under Tex. Penal Code § 31.07 and see Affidavit Exhibit-C and the second prior conviction of Burglary Of A Building under Tex. Penal Code § 30.02, see Affidavit Exhibit-D is a void judgment to enhance punishment under Tex. Penal Code § 12.42, see Affidavit Exhibit-A. The statute language dictates that prior convictions explicitly refer to the enhancement for "substantially similar" sex offenses in Texas; The trial counsel Mr. Bradley R. Lollars trial

strategy of incompetence invoked an actual conflict of interest, that was undisputed deficient, by failure to familiarize himself with the sex crime enhancement statute, the trial counsel failure to object to the State's attorney introducing at trial two prior void enhancements, at pre-trial hearing, the counsel failed to object under Tex. Code Crim. Proc. Art. 28.0141, and failed to file motion to set aside an indictment or information under Art. 28.061, this trial counsel failed to investigate the void prior enhancement paragraphs constituted ineffective assistance of counsel, see Black v. State, 816 S.W.2d 350 (Tex. Cr. App. 1991), but prejudice is presumed if such a actual conflict of interest is shown even without an objection, see Ex parte Parham, 611 S.W.2d 103 (Tex. Cr. App. 1981). In Moore v. Johnson, 194 F.3d. 586, 604 (5th Cir 1999) the Court is, therefore, no required to condone unreasonable decisions, parading under the umbrella of strategy, or fabricate tactical decisions on behalf of counsel when it appear on the face of the record Rule 52.1, that counsel made no strategic decision at all, see Cronic, 104 S.Ct. 2039 (1984). The question becomes, did the applicant receive a fair trial resulting in a verdict worthy of confidence, see Kyles v. Whitley, 115 S.Ct. 1555 (1995).

In State ex. rel. Holmes v. Court Of Appeals, 885 S.W.2d (Tex. Crim. App. 1994) this Court held that habeas corpus is an appropriate vehicle, to non-capital cases, to assert claims of factual or actual innocence based on the record face under Rule 52.1 and newly discovered evidence. Additionally, the majority alters the Holmes standard, and adopts the standard announced by The Supreme Court in Schlup v. Delo, 115 S.Ct. 851 (1995) (habeas corpus will lie to review jurisdiction and constitutional defects in a judgment of conviction).

What Applicant Noble want is a new trial based on a jurisdiction defect under common law that proves my innocence, this original habeas corpus Art. 11.05 is an appropriate vehicle that is available to a void judgment complaint against being illegally confined and restrained in my liberty, the records under Rule 52.7 in this case the affidavit exhibit #1 and the affidavit exhibits- A, B, C, D reveals an Texas and Federal Constitution errors that is subject to harmless error review or a fundamental miscarriage of justice, see Murray v. Carrier, 106 S. Ct. 2639 (1986) on request for appointment of counsel in Art. 2.051 for finding of fact against violation of a liberty interest and for relief.

### Prayer

Applicant prays that this Honorable Court grant a New Trial in the name of justice and for relief. Amen

### Unsworn Declaration

I, Reginald H. Noble #1095577, being presently incarcerated in the William P. Clements Unit of the Texas Department of Criminal Justice, in Potter County, TX, according to my belief, declare under penalty of perjury, the facts stated in this Application are true and correct under V.T.C.H. Civ. Prac. & Rem. Code §132.001.

3-23-15
_____
Date

Reginald H. Noble #1095577
_____
Reginald H. Noble #1095577

### Certificate Of Service

I, Reginald H. Noble #1095577, do hereby certify, that a true and correct copy, the above Application has been forward by The United States mail system, postage pre-paid, to Court of Criminal Appeals of Texas, Texas Board Of Pardons And Paroles, Texas Department Of Criminal Justice

Date
3-23-15

Reginald H. Noble #1095577
_____
Reginald H. Noble #1095577

6 of 6

STATE OF TEXAS
COUNTY OF POTTER

On this day personally appeared Reginald H. Noble, declare the stated as follows:

My name is Reginald H. Noble, I am otherwise competent to make this affidavit. My records reflect the indictment and information, paragraphs was served to me on June, 29 2000, by a Dallas County, jailer. Exhibit-B, "True Bill Of Indictment" of Agg. Sexual A-Y CH/14 under Tex. Penal Code §22.021 in Trial Cause No. F00-50025

Exhibit-C, paragraph: Unauthorized Use Of A Motor Vehicle under Tex. Penal Code §31.07 in Trial Cause No. F91-72411-UK

Exhibit-D, paragraph: Burglary Of A Building under Tex. Penal Code §30.02 in Trial Cause No. F87-77432-KH

Exhibit-A, Texas Penal Code §12.42, Penalties For Repeat Habitual Felony Offenders'; the plain language of statute of sex crimes dictates that prior conviction explicitly refer to the enhancement for "substantially similar" offenses in Texas;

Inmates Declaration

I, Reginald H. Noble, am the person and being presently incarcerated in the William P. Clements Unit in the Potter County, TX., declare under penalty of perjury that, according to my belief, the facts stated in the above Affidavit are true and correct. WICH, Civ. Prac. + Rem. Code §132.001

Executed on this day 23rd of March, 2015.

Reginald H. Noble #1019577

Reginald H. Noble #1019577

1

Exhibit #1

(b) In addition to confinement, an individual adjudged guilty of a state jail felony may be punished by a fine not to exceed $10,000.

(c) An individual adjudged guilty of a state jail felony shall be punished for a third degree felony if it is shown on the trial of the offense that:

(1) a deadly weapon as defined by Section 1.07 was used or exhibited during the commission of the offense or during immediate flight following the commission of the offense, and that the individual used or exhibited the deadly weapon or was a party to the offense and knew that a deadly weapon would be used or exhibited; or

(2) the individual has previously been finally convicted of any felony:

(A) listed in Section 3g(a)(1), Article 42.12, Code of Criminal Procedure; or

(B) for which the judgment contains an affirmative finding under Section 3g(a)(2), Article 42.12, Code of Criminal Procedure.

*[Sections 12.36 to 12.40 reserved for expansion]*

## Subch. D. EXCEPTIONAL SENTENCES

### PC §12.41. CLASSIFICATION OF OFFENSES OUTSIDE THIS CODE.

For purposes of this subchapter, any conviction not obtained from a prosecution under this code shall be classified as follows:

(1) "felony of the third degree" if imprisonment in a penitentiary is affixed to the offense as a possible punishment;

(2) "Class B misdemeanor" if the offense is not a felony and confinement in a jail is affixed to the offense as a possible punishment;

(3) "Class C misdemeanor" if the offense is punishable by fine only.

### PC §12.42. PENALTIES FOR REPEAT AND HABITUAL FELONY OFFENDERS.

*[one provision that will be replaced by another]*

(a)* *[eff. until 01-01-96.]* If it is shown on the trial of a state jail felony punishable under Section 12.35(c) or on the trial of a third-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony.

(a)* *[eff. on 01-01-96.]* (1) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two state jail felonies, on conviction the defendant shall be punished for a third-degree felony.

(2) If it is shown on the trial of a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felonies, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished for a second-degree felony.

(3) If it is shown on the trial of a state jail felony punishable under Section 12.35(c) or on the trial of a third-degree felony that the defendant

has been once before convicted of a felony, on conviction he shall be punished for a second-degree felony.

(b) If it is shown on the trial of a second-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished for a first-degree felony.

(c) If it is shown on the trial of a first-degree felony that the defendant has been once before convicted of a felony, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 15 years. In addition to imprisonment, an individual may be punished by a fine not to exceed $10,000.

*[one provision that will be replaced by another]*

(d)(1)* *[eff. until 01-01-96.]* If it is shown on the trial of a felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

(d)(1)* *[eff. on 01-01-96.]* If it is shown on the trial of a felony offense other than a state jail felony punishable under Section 12.35(a) that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by imprisonment in the institutional division of the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years.

(2) A defendant shall be punished by imprisonment in the institutional division for life if:

(A) the defendant is convicted of an offense:

(i) under Section 22.021, Penal Code;

(ii) under Section 20.04(a)(4), Penal Code, if the defendant committed the offense with the intent to violate or abuse the victim sexually; or

(iii) under Section 30.02, Penal Code, punishable under Subsection (d) of that section, if the defendant committed the offense with the intent to commit a felony described by Subparagraph (i) or (ii) or a felony under Section 21.11 or 22.011, Penal Code; and

(B) the defendant has been previously convicted of two felony offenses, at least one of which is an offense:

(i) under Section 43.25 or 43.26, Penal Code;

(ii) under Section 21.11, 22.011, 22.021, or 25.02, Penal Code;

(iii) under Section 20.04(a)(4), Penal Code, if the defendant committed the offense with the intent to violate or abuse ally; or

Exhibit A

FORM 188-B    jae

DEFENDANT  NOBLE, REGINALD ARLIEGH   BM 12141961    CHARGE  AGG SEX A-V CH/14

AKA:

ADDRESS  3550 E OVERTON RD #1052, DALLAS, TX    LOCATION  DSO

FILING AGENCY  TXDPD0000    DATE FILED  June 14, 2000    COURT

COMPLAINANT  HOBBS, DEPARIS    F-0050025

C/C

## TRUE BILL OF INDICTMENT

IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS: The Grand Jury of Dallas County, State of Texas, duly organized at the _____ JANUARY _____ Term, A.D. 20 00 _____ of the _____ 291ST JUDICIAL _____ District Court _____, Dallas County, in said court at said Term, do present that one _____ NOBLE, REGINALD ARLIEGH _____ defendant, on or about the _____ 31ST _____ day of _____ MARCH _____, A.D. 20 00 _____ in the County of Dallas and said State, did

unlawfully then and there intentionally and knowingly cause the contact and penetration of the female sexual organ of DEPARIS HOBBS, a child, who was not then the spouse of defendant, by an object, to-wit: the sexual organ of said defendant, and, at the time of the offense, the child was younger than 14 years of age,

Exhibit B

Form 211—FINAL SHEET

AND THE GRAND JURORS AFORESAID do further present upon their oaths, that prior to the commission of the aforesaid offense by the said REGINALD ARLIEGH NOBLE, to-wit: on the 26TH day of MAY, A.D. 1992, in the 265TH JUDICIAL DISTRICT COURT of DALLAS County, Texas, in cause number F91-72411-UR on the docket of said Court, the said REGINALD ARLIEGH NOBLE under the name of REGINALD NOBLE, was duly and legally convicted in said last named Court of a felony, to-wit: UNAUTHORIZED USE OF A MOTOR VEHICLE, as charged in the indictment, upon an indictment then legally pending in said last named Court and of which said Court had jurisdiction; and said conviction was a final conviction and was a conviction for an offense committed by him, the said REGINALD ARLIEGH NOBLE, prior to the commission of the offense hereinbefore charged against him, as set forth in the first paragraph hereof,

AND THE GRAND JURORS AFORESAID do further present upon their oaths, that prior to the commission of each of the aforesaid offenses was prior to the commission of the offense set forth in the first paragraph hereof,

Against the peace and dignity of the State.

BILL HILL

_____
Criminal District Attorney, Dallas County, Texas.

_____
Foreman of the Grand Jury

Exhibit C

hereof,

AND THE GRAND JURORS AFORESAID do further present upon their oaths, that prior to the commission of each of the aforesaid offenses by the said REGINALD ARLIEGH NOBLE, to-wit: on the 17TH day of JULY, A.D. 1987, in the CRIMINAL DISTRICT COURT of DALLAS County, Texas, in cause number F87-77432-KH on the docket of said Court, the said REGINALD ARLIEGH NOBLE under the name of REGINALD ARLEIGH NOBLE, was duly and legally convicted in said last named Court of a felony, to-wit: BURGLARY OF A BUILDING, as charged in the indictment, upon an indictment then legally pending in said last named Court and of which said Court had jurisdiction; and said conviction was a final conviction and was a conviction for an offense committed by him, the said REGINALD ARLIEGH NOBLE, prior to the commission and conviction of the offense hereinbefore charged against him, in the second paragraph hereof, and said commission and conviction set forth in this paragraph was prior to the commission of the offense set forth in the first paragraph hereof,

Against the peace and dignity of the State.

BILL HILL

_____

Criminal District Attorney, Dallas County, Texas.

_____

Foreman of the Grand Jury



Exhibit D